**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISMAEL CAMPOS MORENO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 19-70962

Agency No. A200-155-852

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2020[**]
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and MELGREN,[***] District Judge.

Ismael Campos Moreno, a native and citizen of Mexico, entered the United

States without authorization and was later charged as removable. He applied for

asylum, withholding of removal, and protection under the Convention Against

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

Torture (CAT). The Immigration Judge (IJ) found Campos Moreno competent to proceed and denied his application. The Board of Immigration Appeals (BIA) affirmed the IJ's denial. We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *Molina-Estrada v. I.N.S.*, 293 F.3d 1089, 1093 (9th Cir. 2002). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition for review.

1.      The IJ did not err in conducting the competency inquiry required by *Matter of M-A-M-*, 25 I. & N. Dec. 474 (B.I.A. 2011). After Campos Moreno's attorney presented "indicia of incompetency," the IJ evaluated whether Campos Moreno had a rational understanding of the nature and object of the proceedings. The IJ reviewed Campos Moreno's medical history and allowed him a reasonable opportunity to present relevant evidence. Because the IJ concluded Campos Moreno was competent to proceed, the IJ was not required to select and employ safeguards for the proceeding. *Id.* at 481–82. In addition, substantial evidence supports the IJ's conclusion that Campos Moreno was competent.

2.      Substantial evidence also supports the agency's adverse credibility determination based on inconsistencies between Campos Moreno's declaration and his testimony, the omission from his declaration of substantive details of an encounter with police, and the omission from his testimony of the incident that prompted him to leave Mexico. Although "the mere omission of details is

2

insufficient to uphold an adverse credibility finding," *Bandari v. I.N.S.*, 227 F.3d 1160, 1167 (9th Cir. 2000), "[m]aterial alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). Campos Moreno attributed the inconsistencies or omissions to the paralegal who drafted his declaration (or to his own failure to relay all the incidents to that person), his failure to remember details, and his mental illness. The agency was not compelled to credit these explanations. *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

3. Even if credible, Campos Moreno failed to establish entitlement to the requested relief. To establish eligibility for asylum, an alien must demonstrate that he suffered past persecution or has "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). To be eligible for withholding of removal an applicant must demonstrate that his "life or freedom would be threatened in [his home] country because of [his] race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1231(b)(3)(A). Campos Moreno claims persecution as a member of the particular social group "persons with a mental illness." Assuming *arguendo* that Campos Moreno established membership in this particular social group, he must still show that his "persecution was or will be *on account of* his membership in such group." *Ayala v. Holder*, 640

3

F.3d 1095, 1097 (9th Cir. 2011). Substantial evidence supports the agency's conclusion that Campos Moreno failed to demonstrate that his mental illness or symptoms motivated the perpetrators' actions. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) ("[T]he persecutor's motive is 'critical' and the applicant must come forward with '*some* evidence of [motive], direct or circumstantial.'") (second alteration in original) (quoting *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992)).

4.　　Finally, substantial evidence supports the agency's denial of CAT protection because Campos Moreno failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See id.* at 1034 (holding that police ineffectiveness is not enough to establish an entitlement to relief, "absent evidence of corruption or other inability or unwillingness to oppose criminal organizations").

Campos Moreno's motion for stay of removal is denied as moot.

**PETITION FOR REVIEW DENIED.**